## ORDER OF ALIENATION.

Circuit Court of Cuyahoga County.

W. II. GATES V. ADELINE STEBBINS ET AL.

Decided, November 24, 1905.

*Mortgages—Doctrine of Inverse Order of Alienation Purely Equitable.*

1. The doctrine of "inverse order of alienation" as applied to the subjection of mortgaged property to the payment of a mortgage, is purely equitable and not applicable to a case where equity and natural justice would be defeated by so doing.

2. Where a father had devised houses of equal value to each of his two daughters and later executed deeds of the properties to the daughters; *Held:* That the husband of one daughter, to whom the father had given a mortgage prior to the execution of the deeds, might enforce the mortgage, one-half as against each property, and the fact that the deed to his wife had been delivered subsequent to that to the sister did not compel him to subject the properties in the inverse order of their alienation.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This cause comes into this court on appeal. Plaintiff's wife and the defendant, Mrs. Stebbins, are sisters. Their father having made a will by which he gave each of them a house and lot, subsequently conveyed to them respectively the property so devised. The two properties were adjacent and of substantially equal value. Both deeds were executed the same day, but Mrs. Gates' deed was delivered later than the other, with the intention, as is claimed, to discriminate against the latter. Both were warranty deeds given for a nominal consideration, and evidently for the purpose, as we think the evidence indicates, of treating both daughters equally in this distribution of his real estate.

Prior, however, to the making of these deeds, the father borrowed money of Mrs. Gates' husband and gave to him a mortgage on both properties. This suit is brought to foreclose the mortgage. At the outset, however, the plaintiff released his wife's property from the lien of the mortgage, by which he ad-

mits that he has reduced the amount thereof one-half, but claims the right to enforce the lien for the remaining half on Mrs. Stebbins' property.

The defendants seek to apply the doctrine of inverse order of alienation, whereby the entire burden of the mortgage would be made to rest on the property of Mrs. Gates, which is admittedly worth enough to respond thereto, if such be the law of this case.

The doctrine referred to is purely equitable, and is applied to save a purchaser for full value, who is prior in time and in equity, from having to pay an additional consideration for his purchase. *Sternberger* v. *Hanna,* 42 O. S., 305.

It is not applicable to a case where equity and natural justice would be defeated by so doing (*Patty* v. *Posee,* 8 Paige's Ch., 277; 35 Am. Dec., 683). And we think it should not be applied in this case.

It is objected further that plaintiff and Mrs. Gates were incompetent to testify to facts antedating the death of the father. But the Ohio case before cited is authority to the contrary, so far as Mrs. Gates is concerned, and no testimony of Mr. Gates to such transactions was introduced. There are other questions presented which we have examined but do not deem it necessary to discuss. Plaintiff may take a decree in accordance with this opinion.